IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Mary Moxley, ) | CASE NO. 1:10 CV 2912 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| Joseph A. Pfundstein, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Motion of Defendant Joseph A. Pfundstein ("Defendant") for Judgment on the Pleadings. (Document #11.) For the reasons that follow, Defendant's Motion is DENIED.

## I. BACKGROUND

Plaintiff Mary Moxley ("Plaintiff") entered into a "Consumer ML Loan Agreement" (the "Consumer Loan Agreement") with All Kind Check Cashing d/b/a Cash Stop on November 5, 2009 to borrow $279.96. The Consumer Loan Agreement contained an attorney fee shifting provision. The provision purported to allow Cash Stop to charge Plaintiff attorney fees incurred to collect under the contract in the event of Plaintiff's default. The attorney fee provision stated:

Collection, Dishonor, and other Charges: You agree to pay a fee of

>Twenty Dollars ($20.00) plus any amount passed on from any banks or other financial institutions for each check or negotiable instrument you issue in connection with this contract that is returned or dishonored for any reason. In addition, except as expressly prohibited by law, you agree to pay the reasonable attorneys' fees and other costs lender has incurred to collect this contract in the event of your default.

When Plaintiff defaulted on the loan, Cash Stop hired Defendant to collect Plaintiff's debt under the Consumer Loan Agreement. Defendant is an attorney and a bill collector.

Defendant filed a complaint against Plaintiff in the Cleveland, Ohio Municipal Court on November 4, 2010 to collect Plaintiff's debt. The complaint requested judgment in the amount of $319.96, which included default charges and other fees, plus cost and interest at the rate of 24.9% from the loan due date. In addition, the complaint sought $50.00 for attorney fees. The complaint stated, "In addition, whereas the defendant(s) agreed in the contract to pay reasonable attorneys' fees, the plaintiff requests $50.00." Defendant voluntarily dismissed the Municipal Court case on January 6, 2011.

Apparently believing that the best defense is a good offense, Plaintiff filed the instant Complaint in federal court on December 23, 2010. She pled that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,e when Defendant included a prayer for attorney fees in its state court complaint. Plaintiff seeks more than $6,000.00 in damages for a mere $50.00 in attorney fees. The Complaint's single cause of action states:

>Defendants [sic] violated the FDCPA §1692(e) [sic] by using "false, deceptive, and misleading representation and means in connection with the collection of' Plaintiff's debt. The FDCPA also prohibits false or misleading implications made by a lawyer to a lay person [citation omitted].

Defendant filed a Motion for Judgment on the Pleadings on April 10, 2011. (Document

#11.) In the Motion, Defendant argued that Plaintiff failed to state a claim under FDCPA § 1692e. On June 1, 2011, Plaintiff filed a Response to the Motion for Judgment on the Pleadings. (Document #13.) Defendant filed a Reply on June 20, 2011. (Document #16.) Thus, the Motion has been briefed fully and is ripe for consideration.

## II. STANDARD OF REVIEW

The Sixth Circuit reviews motions for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) under the de novo standard applicable to motions to dismiss under Rule 12(b)(6). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir. 1988). Correspondingly, the standard of review used by a district court to rule on a motion for Judgment on the Pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Gindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). On a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990).

The court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996). However, while construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993). Thus, a plaintiff must plead

more than bare legal conclusions. "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 434, 436 (6th Cir. 1993)).

### III. DISCUSSION

In ruling on Defendant's Motion for Judgment on the Pleadings, the Court bears in mind that the purpose of such a motion is to test the sufficiency of the pleading. A review of the record demonstrates that Plaintiff has provided Defendant with fair notice of its claims and the basis for such claims. Based upon the standard set forth above, at this state of the litigation, Plaintiff has set forth sufficient allegations to state a cause of action under the FDCPA. Thus, to rule out Plaintiff's claims would be premature. Hence, the Motion for Judgment on the Pleadings is denied without prejudice to raise these issues at a later time.

Specifically, Plaintiff has pled sufficient factual allegations to establish that: (1) Plaintiff is a "consumer" under 15 U.S.C.§ 1692a(3); (2) the underlying action is to collect a "debt" as defined under 15 U.S.C. § 1692a(5); and (3) Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6). Suffice to say that Plaintiff pled, and Defendant admitted in its Answer, that "Mr. Pfundstein is an attorney and a *bill collector* . . . and sued [Ms. Moxley] to collect a *consumer debt* in the Cleveland Municipal Court . . . ." (Emphasis added.) Further, the loan document at issue, which is attached to the Complaint and incorporated therein by reference, purports to be a "Consumer Loan Agreement."

Taking the pleaded facts as true, Plaintiff also has sufficiently pled a violation of FDCPA § 1692e. Section 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt. Plaintiff's allegation that Defendant violated § 1692e is based on Defendant's claim in the state court complaint for $50.00 in attorney fees. Plaintiff argues that the claim for attorney fees was false, deceptive, and misleading because Ohio law prohibits contracts for the payment of counsel fees upon default under a consumer loan agreement.

Whether a debt collector has violated the FDCPA is viewed through the eyes of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer test is an objective test. *Harvey*, 453 F.3d at 331. The standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999). Nonetheless, the objective aspect of the test protects a debt collector from bizarre or idiosyncratic interpretations of debt collection notices. *Clomon v. Jackson*, 988 F.2d 1314, 1319-20 (2d Cir. 1992); *Gionis v. Javich, Block & Rathbone*, 405 F. Supp. 2d 856, 864 (S.D. Ohio 2005). The test "presumes that a consumer possesses 'a rudimentary amount of information about the world and is willing to read a collection notice with some care.'" *Gionis*, 405 F. Supp. at 864.

It appears that neither party takes issue with the general premise that an allegation made in a legal pleading can constitute a "false, deceptive, or misleading" representation under § 1692e. Thus, the questions before the Court are: (1) whether Ohio law permits attorney fee shifting provisions in consumer loan contracts that require a borrower to pay the lender's attorney fees; and, (2) if not, whether Defendant's claim for attorney fees in the state court action could be false, deceptive, or misleading in the eyes of the least sophisticated consumer.

The parties agree that the Consumer Loan Agreement was made in reliance on Ohio

Revised Code § 1321.57(H)(1). Section 1321.57(H)(1) provides:

> In addition to the interest and charges provided for by this section, no further or other amount whether in the form of broker fees, placement fees, or any other fees whatsoever, shall be charged or received by the registrant, except costs and disbursements in connection with any suit to collect a loan or any lawful activity to realize on a security interest or mortgage after default, *including reasonable attorney fees incurred by the registrant as a result of the suit or activity and to which the registrant becomes entitled by law.*

R.C. § 1321.57(H)(1) (emphasis added).

Contrary to Defendant's position, R.C. § 1321.57(H)(1) does not create an independent basis for a lender to charge, collect, or receive attorney fees under a consumer loan agreement. Instead, the statute explicitly provides that attorney fees may be recovered by a lender to the extent the lender is "entitled by law" to those fees. Rather than creating a new right to attorney fees, the statute makes clear that there is no barrier to obtaining attorney fees otherwise permitted by law. Indeed, if the statute was read to create an independent right to attorney fees, the phrase "and to which the registrant becomes entitled by law" would be virtually meaningless.

Defendant's reliance on *Ohio Neighborhood Finance, Inc. v. Everett*, 2010 Ohio 797 (Ohio App. 5 Dist.) to argue that R.C. § 1321.579(H)(1) does independently authorize attorney fees is misplaced. In *Everett*, the Court considered whether attorney fees could be recovered by a lender pursuant to a consumer loan contract under circumstances remarkably similar to this case. However, although the court acknowledged that R.C. § 1321.579(H)(1) allows for attorney fees, the court did not discuss the question confronting this Court, *i.e.*, whether Ohio law permits attorney fee shifting provisions that require a borrower to pay the lender's attorney fees. The court did not even reach this question. Instead, the court declined to award attorney fees absent

-6-

evidence of the amount of fees incurred in the action.

A plaintiff is "entitled by law" to attorney fees only under limited circumstances. Ohio courts typically follow the "American Rule," which requires each party involved in litigation to pay his or her own attorney fees. *McConnell v. Hunt Sports Ent.*, 132 Ohio App. 3d 657, 699 (Ohio App. 1999). There are three well-recognized exceptions to this rule: (1) where statutory provisions specifically provide that a prevailing party may recover attorney fees, (2) where there has been a finding of bad faith, and (3) where the contract between the parties provides for fee shifting. *Pegan v. Crawmer*, 79 Ohio St. 3d 155, 156 (1997).

Only the third exception to the American Rule is at issue in this case. The key in Ohio is whether sophisticated parties freely negotiated the contract terms requiring payment of the attorney fees. *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238 (1987) (upholding an indemnity provision and underlying attorney fee provision negotiated between two sophisticated parties, but reaffirming the unenforceability of contracts for the payment of attorney fees upon default in payment of a debt.)

Contractual attorney fee provisions are unenforceable in situations when there is unequal bargaining power, when the provision promotes litigation and illegal acts such as evading the usury laws, when the provision acts as a penalty, and when the terms of the provision are not freely negotiable. *First Capital Corp. v. G &J Indus., Inc.*, 131 Ohio App. 3d 106, 113 (Ohio App. 1999); *Varmeer of S. Ohio v. Argo Constr. Co.*, 144 Ohio App. 3d 271, 276-278 (Ohio App. 2001); *Columbus Check Cashers, Inc. v. Rodgers*, No. 08AP-149, 2008 WL 4684781 (Ohio App. 10th Dist. Oct. 23, 2008). An agreement to pay attorney fees in a "contract of adhesion, where the party with little or no bargaining power has no realistic choice as to terms" are not enforceable as

-7-

contrary to Ohio public policy. *Nottingdale Homeowners' Assn. v. Darby*, 33 Ohio St. 3d 32 (1987); *Wilborn v. Bank One*, 121 Ohio St. 3d 546 (Ohio 2009). In fact, Ohio's public policy forbids contracts for the payment of counsel fees upon default in payment of a debt obligation. *Id.* (citing *Leavans v. Ohio Natl. Bank*, 50 Ohio St. 591 (1893). The rationale for this rule is that the stipulation to pay attorney fees operates as a penalty to the defaulting party, and encourages litigation to establish either a breach of the agreement or a default on the obligation. *Worth*, 32 Ohio St. 3d at 242.

In particular, one-sided attorney fee shifting provisions in which a borrower has to pay a lender's attorney fees in the event the lender prevails, but the reverse is not true, have been held unenforceable. *Columbus Check Cashers, Inc. v. Rodgers*, No. 08Ap-149, 2008 WL 4684781 (Ohio App. 10th Dist. Oct. 23, 2008). This case shares striking similarities with *Rodgers*. In *Rodgers*, a check cashing business was denied its request for attorney fees resulting from a legal action against a debtor because the contractual attorney fee shifting provision was unenforceable. The provision created a one-sided obligation on the part of the debtor to pay attorney fees in the event the creditor filed suit. However, the provision did not permit the debtor to recover his attorney fees should he prevail in litigation initiated by the creditor, or if he initiated legal proceedings against the creditor. The court held, "The provision here obviously works as a penalty, and its one-sided, creditor-favored nature promotes litigation. As such, it is . . . thus unenforceable as a matter of law." *Id.* at *5.

Like the contract in *Rodgers*, the Consumer Loan Agreement creates a one-sided obligation on the part of Plaintiff to pay attorney fees arising from any dispute over Plaintiff's debt. Arguably, the agreement does not even require Cash Stop to prevail in litigation before

charging attorney fees. Plaintiff, on the other hand, does not have any right under the Consumer Loan Agreement to collect attorney fees. As such, the attorney fee shifting provision in the Consumer Loan Agreement is void as a matter of Ohio law. Defendant is not "entitled by law" to collect attorney fees. Accordingly, there is no basis for an award of attorney fees under R.C. § 1321.57(H)(1).

Pursuant to the least sophisticated debtor standard, a lay person reading Defendant's state court complaint might believe that Defendant was legally entitled to attorney fees, and that collection of the fees was imminent. Thus, Plaintiff has pled sufficient facts at this stage in the litigation to establish a violation of FDCPA § 1692e.

Further, although Defendant argued in its Motion for Judgment on the Pleadings that Plaintiff's claim of emotional distress was insufficiently pled, Defendant appears to have conceded in its Reply brief that the FDCPA does not require a plaintiff to plead or prove state law elements of intentional or negligent infliction of emotional distress. As difficult as it is to conceive that a $50.00 attorney fee charge caused Plaintiff emotional distress — particularly when Plaintiff admits that it is not a great deal of money — judgment as a matter of law would be premature at this time.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _July 13, 2011_