UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MOXLEY | ) | CASE NO. 1:10-CV-2912 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| v. | ) | |
| | ) | |
| JOSEPH A. PFUNDSTEIN | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

On December 23, 2010, Plaintiff filed its Complaint against Defendant alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). (Doc. 1). On March 8, 2012, the parties consented to the undersigned's jurisdiction over this matter. (Doc. 24). Now pending before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 28). The motion has been fully briefed by the parties and is ripe for review. For the reasons that follow, the undersigned **GRANTS** Plaintiff's motion.

## I. BACKGROUND

The Court accurately set forth the factual and procedural background of this case in its Memorandum Opinion signed July 13, 2011, denying Defendant's Motion for Judgment on the Pleadings. (Doc. 18). Therefore, the undersigned herein restates the background information from the prior ruling.

> Plaintiff Mary Moxley ("Plaintiff") entered into a "Consumer ML Loan Agreement" (the Consumer Loan Agreement") with All Kind Check Cashing d/b/a Cash Stop on November 5, 2009 to borrow $279.96. The Consumer Loan Agreement contained an attorney fee shifting provision. The provision purported to allow Cash Stop to charge Plaintiff attorney fees incurred to collect under the contract in the event of Plaintiff's default. The attorney fee provision stated:

> Collection, Dishonor, and other Charges: You agree to pay a fee of Twenty Dollars ($20.00) plus any amount passed on from any banks or other financial institutions for each check or negotiable instrument you issue in connection with this contract that is returned or dishonored for any reason. In addition, except as expressly prohibited by law, you agree to pay the reasonable attorneys' fees and other costs [L]ender has incurred to collect this contract in the event of your default.

When Plaintiff defaulted on the loan, Cash Stop hired Defendant to collect Plaintiff's debt under the Consumer Loan Agreement. Defendant is an attorney and a bill collector.

Defendant filed a complaint against Plaintiff in the Cleveland, Ohio Municipal Court on November 4, 2010 to collect Plaintiff's debt. The complaint requested judgment in the amount of $319.96, which included default charges and other fees, plus cost[s] and interest at the rate of 24.9% from the loan due date. In addition, the complaint sought $50.00 for attorney fees. The complaint stated, "In addition, whereas the defendant(s) agreed in the contract to pay reasonable attorneys' fees, the plaintiff requests $50.00." Defendant voluntarily dismissed the Municipal Court case on January 6, 2011.

Apparently believing that the best defense is a good offense, Plaintiff filed the instant Complaint in federal court on December 23, 2010. She pled that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,e [sic] when Defendant included a prayer for attorney fees in its state court complaint. Plaintiff seeks more than $6,000.00 in damages for a mere $50.00 in attorney fees. The Complaint's single cause of action states:

> Defendants [sic] violated the FDCPA § 1692(e) [sic] by using "false, deceptive, and misleading representation and means in connection with the collection of'[sic] Plaintiff's debt. The FDCPA also prohibits false or misleading implications made by a lawyer to a lay person [citation omitted].

(Doc. 18 at 1-2). Plaintiff now moves the Court to enter summary judgment against Defendant.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a).[1] Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. See *Bryant v. Commonwealth of Ky.*, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court held that:

> . . . Rule 56(c)[2] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Rule 56 requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Id.* at 324.

The Sixth Circuit in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), has interpreted *Celotex* and two related cases, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), as establishing a "new era" of favorable regard for summary judgment motions. *Street* points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *Street*, 886 F.2d at 1479. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *Id.*

---

[1] Civil Rule 56 was totally revised by amendment effective December 2010. The advisory committee note makes it clear that the standard for granting summary judgment remains unchanged. *See, e.g.*, *Diaz v. Mitchell's Salon and Day Spa, Inc.*, No. 1:09CV882, 2011 WL 379097, at *1 (S.D. Ohio Feb. 2, 2011). However, the specific language of the Rule has been modified.

[2] Now Rule 56(a).

In ruling on a motion for summary judgment, the court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990). However, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . . Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n. 7 (5th Cir. 1992)) (alterations in original). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (*quoting Street*, 886 F.2d at 1480). But, "the mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. (*citing Anderson,* 477 U.S. at 252).

### III.  LAW & ANALYSIS

A.  Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006). In order to state a claim for a violation of the FDCPA, a plaintiff must show that (1) he/she is a consumer as defined by the act; (2) the debt arose out of a transaction entered into "primarily for personal, family, or household purposes"; (3) the defendant is a "debt collector" as defined by the act; and (4) the defendant violated a provision of

the act. *Whittiker, et al. v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 926 (N.D.Ohio 2009).

Defendant agrees that Plaintiff is a consumer, that the debt in question arose out of a transaction entered into primarily for family, personal or household purposes, and that he is a debt collector. Therefore, Plaintiff has satisfied the first three elements of a claim under the act. Defendant however contends Plaintiff is not entitled to summary judgment because there is a genuine dispute as to whether he violated the FDCPA.

B. Violation of FDCPA

Violations of the FDCPA are evaluated using the least sophisticated consumer test. *Turner v. Lerner, Sampson, & Rothfuss*, 776 F.Supp.2d 498, 505 (N.D. Ohio 2011) (citing *Lewis v. ACB Bus. Servs, Inc*., 135 F.3d 389, 400 (6th Cir. 1998)). Under this objective standard, "a false statement that is not deceptive applying the objective 'least sophisticated consumer test' is not a violation of the FDCPA." *Whittiker*, 605 F.Supp.2d at 929 (*citing Lewis*, 135 F.3d at 401-02). In determining whether the test is satisfied, the Court must analyze the defendant's alleged conduct from the perspective of an unsophisticated consumer. *Id*.

Plaintiff contends Defendant violated the FDCPA by requesting attorney fees in the amount of $50.00 as part of its complaint against Plaintiff in Cleveland Municipal Court. "Under Ohio law, creditors are not permitted to recover attorney fees incurred in connection with debt collection suits involving 'personal, family, or household' debt." *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 802 (S.D.Ohio 2006) (*citing* OHIO REV. CODE § 1301.21[3] and *Gionis v. Javitch, Block & Rathbone*, 405 F.Supp.2d 856, 862 (S.D.Ohio 2005)). Therefore,

---

[3] Effective June 29, 2011, Ohio Revised Code § 1301.21 was repealed and redesignated under a new section number, § 1319.02. H.R. 9, 129th Gen. Assemb., Reg. Sess. (Ohio 2011).

seeking to collect such fees as part of one's prayer for relief has been deemed to violate the FDCPA because an unsophisticated consumer could construe the request as an absolute entitlement to these fees, even though they are not recoverable under Ohio Revised Code § 1301.21.[4] *Foster*, 463 F.Supp.2d at 802. Defendant does not directly challenge this case law.

Instead, Defendant maintains he was entitled to recover attorney fees pursuant a different Ohio statute. With regard to attorney fee awards, Ohio courts generally adhere to the "American rule," which requires each party to bear its own fees. *McConnell v. Hunt Sports Ent.*, 132 Ohio App. 3d 657, 699 (Ohio Ct. App. 10 Dist. 1999). However, there are three well-recognized exceptions to this rule: (1) where a contract provision shifts the assignment of costs; (2) where there is a finding of bad faith; and (3) where a statutory provision specifically permits for attorney fees to be awarded to a prevailing party. *Id.* Defendant asserts his actions were not violative of the FDCPA because *at the time* he filed the underlying complaint there was a *possibility* that attorney fees were recoverable pursuant to Ohio Revised Code § 1321.57(H)(1).[5] This statute states in relevant part:

> In addition to the interest and charges provided for by this section, no further or other amount, whether in the form of broker's fees, placement fees, or any other fees whatsoever, shall be charged or received by the registrant, except costs and disbursements in connection with any suit to collect a loan or any lawful activity to realize on a security interest or mortgage after default, including reasonable attorney fees incurred by the registrant as a result of the suit or activity *and to which the registrant becomes entitled by law* . . . .

---

[4] *See* n. 3 *supra*.

[5] Although the Consumer Loan Agreement between the parties contained a fee shifting provision, Judge Nugent already determined that this provision is void as a matter of Ohio law. (Doc. 18 at 7-9). Consequently, Defendant is not alleging that his request for fees was permitted by the contract.

OHIO REV. CODE § 1321.57(H)(1) (emphasis added).  Defendant points to the ruling in *Ohio Neighborhood Finance Inc. v. Evert*, No. 09CA000034, 2010 WL 739938, at *2 (Ohio Ct. App. 5 Dist. Feb. 22, 2010) to support his interpretation of this statute.

Yet, this argument has already been considered and explicitly rejected by this Court.  In Judge Nugent's Memorandum Opinion denying Defendant's Motion for Judgment on the Pleadings, the judge specifically held that Ohio Revised Code § 1321.57(H)(1) did not create an independent basis for Defendant to recover attorney fees from Plaintiff.  (Doc. 18 at 6).  The Court explained the statute only allowed recovery of attorney fees where they were *otherwise* permitted by law.  In other words, while the statute contains language permitting recovery of attorney fees, it also restricts recovery to only those fees which the registrant is entitled to by law.  As Judge Nugent aptly noted, "if the statute was read to create an independent right to attorney fees, the phrase 'and to which the registrant becomes entitled by law' would be virtually meaningless."  *Id*.  Likewise, Judge Nugent found Defendant's reliance upon *Ohio Neighborhood* to be misplaced because although the court acknowledged that Ohio Revised Code § 1321.57(H)(1) allowed for attorney's fees, it did not reach the question of whether Ohio law permitted the type of attorney fee shifting provision at issue in this case.  Nor did the court review whether the statute created an independent entitlement to attorney fees.  In fact, the court ultimately declined to award attorney fees.

In light of the Court's prior rulings on these issues, the undersigned declines to re-evaluate Defendant's arguments.  The "law of the case" doctrine "discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) (*citing U.S. v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003)).  Although the doctrine is only discretionary when applied to the same court's decisions,

the undersigned sees no reason to disturb Judge Nugent's prior rulings as Defendant has not shown how they were clearly erroneous. *Id.* at 677 (*citing Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988)). Therefore, the undersigned adopts Judge Nugent's findings.

Lastly, in a final attempt to justify his actions, Defendant argues that his good faith belief that his actions were lawful *at the time committed* is sufficient to create a question as to whether he violated the FDCPA. Without explicitly stating so, it appears Defendant believes his conduct is excused under the bona fide error defense found within 15 U.S.C. § 1692k(c) of the FDCPA.[6] To the extent Defendant relies upon this defense, it is not available to him. "To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 476-77 (6th Cir. 2008) *overruled on other grounds by* 130 S.Ct. 1605 (2010).

The Supreme Court has held that a mistake of law is not a bona fide error. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1606-08, 176 L.Ed.2d 519 (2010) ("*Jerman II*"). Defendant alleges he sought to recover attorney fees from Plaintiff because he believed he was entitled to do so pursuant to Ohio Revised Code § 1321.57(H)(1). However, Defendant's belief was wrong. As previously held, this statute does not create an independent basis for a bill collector to seek attorney fees from a debtor. Defendant's

---

[6] Defendant notes that at the time he filed the underlying complaint, he had a good faith belief that attorney fees were recoverable under Ohio Revised Code § 1321.57(H)(1). Defendant also maintains because there is no case law, even to date, explicitly disallowing the recovery of attorney fees under this statute, he should not be punished for failing to predict that seeking attorney fees pursuant to this statute would be in violation of the FDCPA.

misinterpretation of the law, a mistake of law, is not the type of mistake covered by the bona fide error defense. *See Jerman II*, 130 S.Ct. at 1611-1613; *see also Kempa v. Cadlerock Joint Ventures, L.P.*, No. 10-11696, 2011 WL 761500, at *3-5 (E.D.Mich. Feb. 25, 2011) (finding defendant was not protected by the bona fide error defense because defendant committed acts believing incorrectly that it had the right to do so under the law, constituting a mistake of law which is not a bona fide error under *Jerman II*).

Because the FDCPA has been generally recognized as a strict-liability statute, even a good-faith error can give rise to liability. *See Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012). Accordingly, the undersigned finds Defendant violated the FDCPA by seeking to recover attorney fees in the underlying action, when such fees were not permitted by Ohio law.

## IV. DECISION

For the reasons herein stated, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, (Doc. 28). Accordingly, a hearing on damages will be held at **10:00 a.m., Wednesday, November 7, 2012**, in Courtroom 9B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: October 11, 2012.